RECEIVED

JAN - 6 2009

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES C. PIERCE | CIVIL ACTION NO. 06-1185 |
| VERSUS | JUDGE DOHERTY |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

This Court is in receipt of the Report and Recommendation of the Magistrate Judge previously filed herein, recommending dismissal with prejudice of petitioner's petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254, as well as the objections filed by petitioner, James C. Pierce.

The allegations of the petitioner that give this Court the most concern are the allegations of ineffective assistance of counsel, particularly in light of the fact that attorney J. Blake Deshotels, who represented Mr. Pierce at trial, has been permanently disbarred from the practice of law in the State of Louisiana since the time of Mr. Pierce's trial, a fact of which this Court is not certain the magistrate judge was aware at the time he issued his Report and Recommendation. This Court will address the matter briefly before entering Judgment in the case.

The standard for ineffective assistance of counsel claims is clear. As the magistrate judge pointed out in the Report and Recommendation, to prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington,*

466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The court's scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689-90. "It is not enough to show that some, or even most, defense lawyers would have handled the case differently." *Nichols v. Scott*, 69 F.3d 1255, 1284 (5th Cir. 1995) *quoting Green v. Lynaugh*, 868 F.2d 176, 178 (5th Cir.), *cert. denied*, 493 U.S. 831, 110 S.Ct. 102, 107 L.Ed.2d 66 (1989). As the Supreme Court has observed, "[i]t is all too tempting for a defendant to secondguess counsel's assistance after conviction." *Green*, 868 F.2d at 178 *quoting Strickland*, at 689.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," *Strickland*, 466 U.S. at 693. Rather, *Strickland's* prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[1] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre*

---

[1] The *Strickland* court outlined the extent of prejudice that must be established by the defendant:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf. United States. v Morrison*, 449 U.S. 361, 364-65 (1981).
>
> Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.
>
> When a defendant challenges a conviction, the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra,* at pages 691-692.

v. *Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) citing *Strickland*, 104 S.Ct. at 2068. However, self serving conclusory statements that the outcome would have been different "fall far short of satisfying Strickland's prejudice element." *Id.*

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94. Petitioner must satisfy both prongs of *Strickland*, demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson*, 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1043.

There is no evidence in the record that Mr. Deshotels rendered ineffective assistance of counsel in this matter. This Court has taken the unusual step of pulling the Supreme Court's disciplinary proceedings against Mr. Deshotels. First, Mr. Deshotels was not, as Mr. Pierce argues, suspended from the practice of law at the time he tried this matter in the state court. Although the timing of the Supreme Court's disciplinary proceeding is unfortunate, pursuant to the Louisiana Supreme Court Lawyer Disciplinary Rule 19, § 26(E) and Louisiana Code of Civil Procedure Article 2167, Mr. Deshotels was not under an order of suspension from the practice of law during Mr. Pierce's trial.

Additionally, the Supreme Court's disciplinary proceeding dated October 9, 1998 shows the matter for which Mr. Deshotels was suspended was wholly unrelated to the *Pierce* case and dealt with Mr. Deshotels' failure to properly terminate representation of another client, which caused

prejudice to that client. *See In re J. Blake Deshotels*, 719 So. 2d 402 (La. Oct. 19, 1998). There is no evidence that, because of the facts surrounding his suspension at that time, it was clear Mr. Deshotels was not fit to practice law or otherwise try the *Pierce* case in late October 1998.

This Court's research also shows the Office of Disciplinary Counsel filed a "Motion for Interim Suspension for Threat of Harm" against Mr. Deshotels on December 12, 2001. The Supreme Court granted that motion, stating its order was effective immediately. *See In re J. Blake Deshotels*, 803 So.2d 867 (La. Dec. 12, 2001). However, this order was entered after the Pierce trial had concluded.

In addition to the foregoing disciplinary proceedings, this Court's research shows Mr. Deshotels was permanently disbarred from the practice of law by the Louisiana Supreme Court approximately two years after the *Pierce* trial. *See In re J. Blake Deshotels*, 863 So.2d 507 (La. Dec. 12, 2003). Most perplexing to this Court was the fact that the Louisiana Supreme Court references the conduct of Mr. Deshotels in the *Pierce* case as one of many reasons Mr. Deshotels was ultimately disbarred. However, a close reading of the Supreme Court's reasons for disbarment shows it was not the conduct of Dr. Deshotels during the trial of the *Pierce* matter that caused, in part, his disbarrment. Rather, it was Mr. Deshotel's failure to file an appeal on Mr. Pierce's behalf and his failure to refund the unearned fee he was paid in connection with the filing of that fee that led the Supreme Court to disbar Mr. Deshotels.

In the instant writ for *habeas corpus* relief, Mr. Pierce alleges several instances of ineffective assistance of counsel during the trial, including the failure to hire an accident reconstructionist, the failure to call a pathologist to testify, and the failure to call certain witnesses to testify on his behalf. With respect to these discrete allegations of ineffective assistance of counsel and the others alleged

in the petition, this Court agrees with the legal analysis of the magistrate judge, as well as his ultimate finding that Mr. Deshotels did not provide ineffective assistance of counsel at trial. Significantly, Mr. Pierce does not allege that no appeal was filed on his behalf, and indeed, the record of this matter shows an appeal was filed by another attorney on Mr. Pierce's behalf. Therefore, although Mr. Pierce's selection of Mr. Deshotels as his defense counsel may ultimately have been unfortunate, an unfortunate selection of defense counsel is not the standard by which the Fifth Circuit measures ineffective assistance of counsel claims.

Considering the foregoing, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record including the objections filed by the petitioner, as well as all applicable governing law, and having determined the findings and recommendation of the Magistrate Judge are correct under the applicable law;

IT IS ORDERED that this petition for writ of *habeas corpus* is DENIED AND DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____ day of January, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE